IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMICA CENTER FOR IMMIGRANT RIGHTS,<br>1025 Connecticut Ave. NW, Ste. 701<br>Washington, DC 20036-5447<br><br>FLORENCE IMMIGRANT AND REFUGEE RIGHTS PROJECT,<br>P.O. Box 86299<br>Tucson, AZ 85754-6299<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C St. NW<br>Mail Stop 6429 MIB<br>Washington, DC 20240-0001<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>200 Independence Ave. SW<br>Washington, DC 20201-0004<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br>2707 Martin Luther King Jr. Ave. SE<br>Washington, DC 20528-0485<br><br>OFFICE OF MANAGEMENT AND BUDGET,<br>725 17th St. NW<br>Washington, DC 20503-0009<br><br>*Defendants*. | Case No. 1:25-cv-02424 |

**COMPLAINT UNDER FREEDOM OF INFORMATION ACT FOR**

**DECLARATORY AND INJUNCTIVE RELIEF**

1

## INTRODUCTION

Plaintiffs Amica Center for Immigrant Rights and the Florence Immigrant and Refugee Rights Project submitted a Freedom of Information Act ("FOIA") request (the "Request") to Defendants, the U.S. Department of the Interior ("DOI"), U.S. Department of Health and Human Services ("HHS"), U.S. Department of Homeland Security ("DHS"), and Office of Management and Budget ("OMB"), on February 28, 2025, seeking records pertaining to the "stop work" order issued on or around February 18, 2025 by DOI to Acacia Center for Justice ("Acacia") re: Contract 140D0422C0009 – Legal Services for Unaccompanied Children ("UC Contract") and then rescinded on February 21, 2025. Defendants have failed to make a determination on the Request and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiffs now file this action for declaratory, injunctive, and other appropriate relief under FOIA, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i), and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiff Amica Center has its principal place of business in this district.

## PARTIES

3. Plaintiff Amica Center for Immigrant Rights ("Amica Center") is a 501(c)(3) non-profit, non-partisan organization, with its principal place of business in Washington, D.C. Amica Center provides legal services, including direct representation and pro se assistance, to detained and non-detained noncitizens in removal proceedings, including representing unaccompanied immigrant children who are currently or were previously held in government-operated shelter facilities.

2

4. Plaintiff Florence Immigrant and Refugee Rights Project ("the Florence Project") is a 501(c)(3) non-profit, non-partisan organization, with its principal place of business in Tucson, Arizona. The Florence Project offers free legal and social services to adults and children detained in immigration custody in Arizona, including representing unaccompanied immigrant children who are currently or were previously held in government-operated shelter facilities.

5. Defendant U.S. Department of the Interior ("DOI") is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). DOI operates the Interior Business Center ("IBC"), a component agency which issues contracts on behalf of the federal government, including the contract to provide legal services to unaccompanied children at issue in this Request. DOI, through IBC, also transmitted the stop work order and subsequent recission of the contract covered in this Request.

6. Defendant U.S. Department of Health and Human Services ("DHHS") is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). DHHS is responsible, through its component agencies, the Office of Refugee Resettlement ("ORR") and Administration for Children and Families ("ACF"), for overseeing the federal government's programs for providing services to refugees, including unaccompanied immigrant children. DHHS, through ORR, also operates shelter facilities for unaccompanied immigrant children while they await reunification with family members or other sponsors after their arrival in the U.S.

7. Defendant U.S. Department of Homeland Security ("DHS") is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). DHS, through its component agency, Immigration and Customs Enforcement

("ICE"), is responsible for enforcing federal immigration laws and representing the U.S. government in removal proceedings, including those involving unaccompanied immigrant children. DHS also operates an Office of General Counsel that provides guidance to the agency regarding compliance with federal law.

8. Defendant Office of Management and Budget ("OMB") is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). OMB operates the so-called Department of Governmental Efficiency ("DOGE"), a temporary initiative ostensibly dedicated to identifying and eliminating wasteful federal spending.

**STATEMENT OF FACTS**

A. **Plaintiffs' FOIA Request**

9. On February 28, 2025, Plaintiffs filed a FOIA request ("the Request") with Defendants DOI, DHHS, DHS, and OMB for records relating to the stop work order of the UC Contract—Contract 140D0422C0009 – Legal Services for Unaccompanied Children—which DOI had issued on February 18, 2025 and then rescinded on February 21, 2025. Exhibit A, Plaintiffs' FOIA Request, dated February 25, 2025. With regards to DHHS, Plaintiffs specifically submitted the Request to DOI and the DHHS Office of the Secretary ("DHHS OS") via the agencies' Public Access Link ("PAL") portals, to DHS via secure release, and to OMB via email. *Id.* at 1.

10. The Request specifically requested "[a]ny and all communications since January 20, 2025" between or sent to Defendants "regarding the 'stop work' orders and rescission referenced above. . . . including, but not limited to communications sent by or to Robin Dunn Marcos, Director of the Office of Refugee Resettlement; Ben Goldhaber, Acting Assistant Secretary

4

of Health and Human Services for Children; Families; Kenyata Wesley, HHS Head of Contracting Activity for ACF, Cheri Hoffman, Acting Commissioner and Deputy Commissioner, Administration on Children, Youth and Families (ACYF); and Department of Interior Employees or Contractors Steven Chase Bonds and Contracting Specialist Gabriella Jones." *Id.* at 2–3. The Request also encompassed "[a]ny and all drafts of the 'stop work' order referenced or included in the above communications," as well as "[a]ny and all documents which were used to base the decision to draft the 'stop work' order and the rescission of the "stop work" order, including but not limited to white papers, media reports, letters, etc." *Id.* at 3.

11. Plaintiffs submitted the Request to DOI and DHHS via their online electronic Public Access Link ("PAL") FOIA submission portal, to DHS via Secure Release, and to OMB via email. The Request complied with each Defendant's FOIA requirements and also requested expedited processing of the Request, as well as a fee waiver. *Id.* at 5–9.

B. **Defendant DOI's Response**

12. On March 11, 2025, Sabrina Conway ("Ms. Conway"), a Deputy FOIA Officer for Defendant DOI, spoke by phone with Evan Benz ("Mr. Benz"), an attorney for Plaintiff Amica Center who had filed the Request. Ms. Conway requested clarification of the portion of the Request regarding communications related to the stop work order between staff and officials from the DOI and the other Defendant agencies. Mr. Benz explained that, as relevant for her purposes as a DOI employee, the Request was seeking records of any communications regarding the stop work order and its recission between any DOI employees and any other employees of other agencies named in the Request. Ms. Conway stated that IBC was most likely to be in possession of those records, and she agreed to send

5

an inquiry about the records to IBC. Ms. Conway memorialized this conversation in an email to Mr. Benz dated that same day. Exhibit B, Email Correspondence with DOI, dated March 11, 2025 to June 23, 2025 at 6–7. Mr. Benz replied to Ms. Conway the following day, March 12, 2025, confirming that her email had provided an accurate accounting of their conversation. *Id.* at 5. Ms. Conway replied the next day, March 13, 2025, stating "Thank you! We'll get started on this." *Id.* at 4–5.

13. In a letter digitally signed by Ms. Conway and sent to Plaintiffs via email on March 13, 2025, DOI also acknowledged that it had received Plaintiffs' Request on March 3, 2025 and assigned the Request control number DOI-2025-004290. Exhibit C, DOI Request Acknowledgement Letter, dated March 13, 2025 at 1. The letter summarized Ms. Conway's March 11, 2025 phone conversation with Mr. Benz regarding the scope of the Request and DOI's proposed next steps. *Id.* at 2. In the letter, DOI also granted Plaintiffs a fee waiver, but denied their request for expedited processing. *Id.* at 2–3. In addition, DOI stated that the Request fell into the "Complex" processing track and would thus take an estimated 21–60 days to process. DOI also noted that it would be taking a "10-workday extension under 43 C.F.R. § 2.19," due to the "need to search for and collect requested records from field facilities or other units that are separate from the office processing the request." *Id.* at 3.

14. On May 23, 2025—more than two months later—Mr. Benz sent an email following up with Ms. Conway about the status of the Request. Exhibit B at 4. Ms. Conway replied on June 2, 2025, stating that she was "still awaiting search results from one office" and would "continue to follow-up with them and will be able to provide a better update once we hear

6

back from them," consequently requesting an additional week to process the Request. *Id.* at 3. Mr. Benz replied the same day to consent to the one-week extension. *Id.* at 2–3.

15. After not receiving any response from Ms. Conway within the agreed-upon time period, Mr. Benz sent a follow-up email to Ms. Conway again on June 16, 2025, seeking an update. *Id.* at 1. Ms. Conway replied one week later on June 23, 2025, stating that "[s]o far, we have not found any responsive records, but we were sent to another office within the Interior Business Center to have them look for records, so the search is still ongoing." *Id.* Since then, there have been no other communications or updates from Ms. Conway or DOI regarding the Request.

16. As of the date of this complaint, DOI has failed to fully respond to Plaintiffs' Request.

17. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

18. If there are "unusual circumstances" as defined by statute, an agency may extend the time to make its determination by no more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

19. It has now been more than 30 working days since Plaintiffs submitted their Request. Thus, the statutory time period for DOI to respond has elapsed.

20. Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. 5 U.S.C. § 552(a)(6)(C)(i).

21. DOI has failed to produce the full universe of responsive agency records to Plaintiffs and the statutory period for an agency response has expired. DOI has similarly failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

C. **Defendant DHHS' Response**

22. In an email dated March 18, 2025, Natasha Taylor ("Ms. Taylor"), a Government Information Specialist at Defendant DHHS, confirmed that DHHS had received Plaintiffs' Request on March 13, 2025, and assigned it control number 2025-02005-FOIA-OS. Exhibit D, DHHS Request Acknowledgment Email, dated March 18, 2025. Ms. Taylor also explained that "[b]ecause HHS FOIA administration is decentralized," the Request pending with DHHS OS would be closed out and referred to DHHS ACF, which would log the Request and assign it a new control number. *Id.*

23. DHHS ACF never followed up to provide Plaintiffs with any information that they had logged the Request referred by DHHS OS, or assigned the referred Request a new control number, as Ms. Taylor had indicated would occur in her March 18, 2025 email.

24. On April 23, 2025, Plaintiffs filed an appeal challenging the decision by DHHS OS to close out the Request. Exhibit E, Plaintiffs' Appeal of DHHS Response, dated April 23, 2025. In a letter sent via email on May 27, 2025, DHHS OS acknowledged the appeal and assigned it control number 2025-00094-A-OS. Exhibit F, DHHS OS Appeal Receipt, dated May 27, 2025. That appeal still remains pending as of this date.

25. As of the date of this complaint, DHHS has failed to fully respond to Plaintiffs' Request.

26. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

27. If there are "unusual circumstances" as defined by statute, an agency may extend the time to make its determination by no more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

28. It has now been more than 30 working days since Plaintiffs submitted their Request. Thus, the statutory time period for DHHS to respond has elapsed.

29. Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. 5 U.S.C. § 552(a)(6)(C)(i).

30. DHHS has failed to produce the full universe of responsive agency records to Plaintiffs and the statutory period for an agency response has expired. DHHS has similarly failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

**D.     Defendant DHS' Response**

31. In an email dated March 6, 2025, Defendant DHS confirmed receipt of the Request and assigned it control number 2025-ICFO-22644. Exhibit G, DHS Request Acknowledgment Email, dated March 6, 2025 at 1. However, in the email, DHS also denied Plaintiffs' request for a fee waiver and expedited processing. *Id.* at 2.

32. On March 31, 2025, DHS, in an email from Deputy FOIA Officer Megan Davis, communicated that it had "conducted a search of the ICE Office of Enforcement and Removal Operations (ERO) and ICE Office of Acquisitions and Management (OAQ) for records responsive to your request and no records responsive to your request were found." Exhibit H, DHS Request First Response Email, dated March 31, 2025 at 1. DHS also "recommend[ed] that you contact the Department of the Interior and Office of Refugee Resettlement, within the Department of Health and Human Services." *Id.*

33. On April 24, 2025, Plaintiffs filed an appeal via email challenging DHS' failure to conduct an adequate search for responsive records and denial of the fee waiver. Exhibit I, Plaintiffs' Appeal of DHS Response, dated April 24, 2025 at 2. That appeal remains pending as of this date.

34. On May 1, 2025—after DHS had already responded to the Request by claiming that it had not found any responsive records, and Plaintiffs had already filed the aforementioned appeal—DHS sent a second response to Plaintiffs via email, stating that DHS had "determined that your request is too broad in scope or did not specifically identify the records which you are seeking." Exhibit J, DHS Request Second Response Email, dated May 1, 2025 at 1. DHS then requested that Plaintiffs "resubmit your request containing a reasonable description of the records you are seeking" and noted that Plaintiffs' "request has been assigned reference number 2025-HQFO-02697." *Id.* at 2. Since that date, there have been no further communications from DHS regarding Plaintiffs' Request or subsequent appeal.

35. As of the date of this complaint, DHS has failed to fully respond to Plaintiffs' Request.

36. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

37. If there are "unusual circumstances" as defined by statute, an agency may extend the time to make its determination by no more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

38. It has now been more than 30 working days since Plaintiffs submitted their Request. Thus, the statutory time period for DHS to respond has elapsed.

39. Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. 5 U.S.C. § 552(a)(6)(C)(i).

40. DHS has failed to produce the full universe of responsive agency records to Plaintiffs and the statutory period for an agency response has expired. DHS has similarly failed to

communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

**E.     Defendant OMB's Response**

41.    On March 3, 2025, Defendant OMB confirmed by email that it had received the Request on February 28, 2025 and assigned it control number 2025-855. Exhibit J, OMB Request Acknowledgment Email, dated March 3, 2025. Since that date, there have been no other communications from OMB regarding the Request.

42.    As of the date of this complaint, OMB has failed to respond to Plaintiffs' request.

43.    Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

44.    If there are "unusual circumstances" as defined by statute, an agency may extend the time to make its determination by no more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

45.    It has now been more than 30 working days since Plaintiffs submitted their Request. Thus, the statutory time period for OMB to respond has elapsed.

46.    Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. 5 U.S.C. § 552(a)(6)(C)(i).

47.    OMB has failed to produce any agency records to Plaintiffs and the statutory period for an agency response has expired. OMB similarly has failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

## CAUSES OF ACTION

### COUNT ONE

**Violation of the Freedom of Information Act, 5 U.S.C. § 552, for
Failure to Respond Within the Time Required**

48. Plaintiffs repeat, allege, and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

49. Under FOIA, Defendants were required to respond to Plaintiffs' Request and to notify Plaintiffs of the agency's determination within thirty working days after receiving the Request. *See* 5 U.S.C. §§ 552(a)(6)(A), (6)(B).

50. Defendants' failure to make the requisite determination, to communicate it to Plaintiffs, and to produce responsive records within the time allowed by the statute violates FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i).

51. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Defendants' failure to search for and disclose them.

### COUNT TWO

**Violation of Freedom of Information Act, 5 U.S.C. § 552, for
Failure to Conduct an Adequate Search**

52. Plaintiffs repeat, allege, and incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

53. Defendants have violated their obligation under FOIA by failing to make a reasonable effort to search for records responsive to Plaintiffs' Request. *See* 5 U.S.C. § 552(a)(3)(C).

## COUNT THREE

### Violation of Freedom of Information Act, 5 U.S.C. § 552, for Wrongful Withholding of Records

54. Plaintiffs repeat, allege, and incorporate by reference the allegations in preceding paragraphs as if fully set forth herein.

55. Defendants are wrongly withholding agency records by failing to produce nonexempt records responsive to Plaintiffs' Request and by failing to segregate and produce nonexempt records responsive to Plaintiffs' Request.

56. Defendants are obligated to promptly produce records responsive to Plaintiffs' Request. *See* 5 U.S.C. § 552(a)(3)(A).

57. Plaintiffs have a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

58. Defendants' failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. *See* 5 U.S.C. § 552(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Amica Center and the Florence Project request that judgment be entered in their favor against Defendants DOI, DHHS, DHS, and OMB, and that this Court:

1. Assume jurisdiction in this matter and maintain jurisdiction until Defendants comply with FOIA and every order of this Court;

2. Declare that Defendants' failure to respond to Plaintiffs' Request within the statutory time limit, their failure to search for records responsive to Plaintiffs' Request, and their failure to disclose such responsive records violate FOIA;

3.  Order Defendants and any of their departments, components, other organizational structures, agents, or other persons acting by, through, for, or on Defendants' behalf to conduct a prompt, reasonable search for records responsive to Plaintiffs' Request;

4.  Enjoin Defendants and any of their departments, components, other organizational structures, agents, or other persons acting by, through, for, or on Defendants' behalf from withholding records responsive to Plaintiffs' Request and order them to promptly produce the same;

5.  Award Plaintiffs reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

6.  Grant all other such relief to Plaintiffs as this Court deems just and proper.

Dated: July 25, 2025

Respectfully submitted,

/s/ Peter Cameron Alfredson
Peter Alfredson
DC Bar No. 1780258
Amica Center for Immigrant Rights
1025 Connecticut Ave. NW, Ste. 701
Washington, DC 20036-5447
(202) 899-1415
peter@amicacenter.org

Laura Belous*
AZ Bar No. 028132
Florence Immigrant and Refugee Rights Project
P.O. Box 86299
Tucson, AZ 85754-6299
(520) 934-7257
lbelous@firrp.org

*Pro Bono Counsel for Plaintiffs*

*\* Pro hac vice admission forthcoming*

## LIST OF EXHIBITS

EXHIBIT A .................................................... Plaintiffs' FOIA Request, dated February 25, 2025

EXHIBIT B .................. Email Correspondence with DOI, dated March 11, 2025 to June 23, 2025

EXHIBIT C .................................... DOI Request Acknowledgement Letter, dated March 13, 2025

EXHIBIT D ................................ DHHS Request Acknowledgment Email, dated March 18, 2025

EXHIBIT E ....................................... Plaintiffs' Appeal of DHHS Response, dated April 23, 2025

EXHIBIT F ........................................................... DHHS OS Appeal Receipt, dated May 27, 2025

EXHIBIT G ...................................... DHS Request Acknowledgment Email, dated March 6, 2025

EXHIBIT H ........................................ DHS Request First Response Email, dated March 31, 2025

EXHIBIT I ........................................... Plaintiffs' Appeal of DHS Response, dated April 24, 2025

EXHIBIT J ........................................... DHS Request Second Response Email, dated May 1, 2025

EXHIBIT K .................................... OMB Request Acknowledgment Email, dated March 3, 2025

**CERTIFICATE OF SERVICE**

     I, undersigned counsel, hereby certify that on this date, I filed this Complaint Under Freedom of Information Act for Declaratory and Injunctive Relief and all attachments using the CM/ECF system. I will furthermore send true copies by USPS Certified Priority Mail to the following individuals:

U.S. Department of the Interior
Office of the Solicitor
1849 C St. NW
Mail Stop 6429 MIB
Washington, DC 20240-0001

U.S. Department of Health and Human Services
Office of the General Counsel
200 Independence Ave. SW
Washington, DC 20201-0004

U.S. Department of Homeland Security
Office of the General Counsel
2707 Martin Luther King Jr. Ave. SE
Washington, DC 20528-0485

Office of Management and Budget
725 17th St. NW
Washington, DC 20503-0009

Jeanine Pirro
Civil Process Clerk
U.S. Attorney's Office for D.C.
601 D St. NW
Washington, DC 20530-0034

Dated: July 25, 2025                                      Respectfully submitted,

                                                                      /s/ Peter Cameron Alfredson
                                                                      Peter Cameron Alfredson

                                                                      *Pro Bono Counsel for Plaintiffs*